UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JAMES MACDOWELL BOONE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:10-CV-566 |
| | ) | | (VARLAN/GUYTON) |
| SAM PATEL, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM AND ORDER**

This civil action is before the Court as a result of plaintiff's response to the Court's February 11, 2011 order [Doc. 9], relating to the Report and Recommendation entered by United States Magistrate Judge H. Bruce Guyton (the "R&R") [Doc. 4].

In the R&R, Magistrate Judge Guyton found plaintiff's application to proceed *in forma pauperis* to be well-taken and granted the application, but recommended that the complaint be dismissed due to jurisdictional deficiencies [Doc. 4]. Magistrate Judge Guyton found that plaintiff "has not alleged a cause of action arising out of the Constitution, laws, or treaties of the United States, and though he claims damages of five million dollars, any argument in support of diversity jurisdiction is defeated by the fact that the Plaintiff and Defendant reside in Tennessee" [Doc. 4]. In support of this conclusion, Magistrate Judge Guyton explained that, although plaintiff "claims that he is 'domiciled in the State of Louisiana,' the Plaintiff's filings indicate that he has resided in Knoxville Tennessee, for approximately the last five years, at least since Hurricane Katrina devastated the Gulf Coast"

[*Id.*].  Accordingly, Magistrate Judge Guyton recommended that the complaint be dismissed for its jurisdictional deficiencies [*Id.*].

Plaintiff filed a motion to appeal Magistrate Judge Guyton's order [Doc. 5], which the Court has construed as an objection to the R&R [Doc. 7].  Plaintiff objected to Magistrate Judge Guyton's finding regarding jurisdiction, asserting that "it is [h]orn [b]ook [l]aw [that] a party may have many [r]esidences but only one domicile" [Doc. 5 (emphasis removed)].

The Court entered an order [Doc. 7] requiring plaintiff to file an affidavit establishing his domicile within thirty (30) days of entry of the order.  In particular, the Court noted:

> [P]laintiff alleges that he is domiciled in Louisiana, but he resides in Tennessee.  Plaintiff, however, alleges nothing about his intentions to remain in Tennessee nor his intentions to return to Louisiana.  Plaintiff also fails to provide the Court with any other information relevant to the determination of domicile.  Consequently, the Court cannot make the determination whether plaintiff's domicile is Louisiana or whether plaintiff has changed his domicile to Tennessee.  The Court assumes that Louisiana still is plaintiff's domicile, *see Von Dunser v. Aronoff*, 915 F.2d 1071, 1075 (6th Cir. 1990) (stating that "as a general rule, federal courts will accept at face value a complaint's factual allegations regarding the existence of jurisdiction and not require production of specific evidence unless jurisdiction is challenged), but as jurisdiction should not be based on an assumption, the Court finds it necessary for plaintiff to file an affidavit with the Court to affirm his domicile is Louisiana.  *See Scheffler v. City of Dunn*, No. 08-cv-622-bcc, 2008 WL 4889574, at *2 (W.D. Wis. Nov. 12, 2008) (ordering *in forma pauperis* petitioner to file an affidavit to establish domicile where petitioner failed to provide proper allegations regarding his citizenship for diversity purposes).

[Doc. 7].  The Court instructed that, "if plaintiff fails to timely file such an affidavit, or his affidavit reveals that he is domiciled in Tennessee, this case may be dismissed for failure to prosecute or for lack of jurisdiction" as well as that "[i]f plaintiff timely files a proper

2

affidavit, this Court will issue an order rejecting the R&R's recommendation that this action be dismissed due to its jurisdictional deficiencies" [Doc. 7].

In response to the Court's order, plaintiff filed an affidavit[1] asserting that "plaintiff is now, has been and shall ever be domiciled in the State of Louisiana" [Doc. 9]. Plaintiff indicates that his primary care and "ordopedic" physicians are located in Knoxville, Tennessee, and "before returning to his domicile in the State of Louisiana[,] [plaintiff] thinks it is prudent . . . not to change treating physicians until contemplated surger[ies] and subsequent rehabilitation take[] place on [plaintiff's] left foot" in Knoxville [Doc. 9]. Plaintiff further submits that some of his family members reside in Kentucky, and that he "contemplates a temporary move [to Kentucky] for rehabilitation after" his two surgeries prior to returning to Louisiana [*Id.*].

Plaintiff also informs the Court that he received his juris doctor degree in 1977 from "L.S.U. Law School, passed the Louisiana State Bar in 1977 and has consistently returned to Louisiana four (4) times in [plaintiff's] life time, the last being 1995 when he left NYC, N.Y. for the French Quarter in New Orleans and stayed consistently until 2005 after 3 weeks after Hurricane Katrina, thanks to the 82nd Airborne Calvary [who] evacuated [plaintiff] to Knoxville, [Tennessee]" [*Id.*]. Further, plaintiff indicates he "does not look [with] favor upon Knoxville" for various reasons [*Id.*].

---

[1] Plaintiff's response to the Court's order was untimely; however, the Court excuses plaintiff's tardiness as the record indicates that the order had to be re-mailed to plaintiff [Doc. 8].

This Court must conduct a *de novo* review of portions of the magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1). In light of this standard, the relevant law, and plaintiff's *pro se* status, the Court has carefully reviewed the R&R [Doc. 4], the underlying application to proceed *in forma pauperis* [Doc. 1], plaintiff's complaint [Doc. 2], plaintiff's appeal/objection [Doc. 5], and plaintiff's response to the Court's order [Doc. 9].

Domicile is not synonymous with a person's residence, *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir.1968), and an individual may have only one domicile, *Eastman v. Univ. of Michigan*, 30 F.3d 670, 673 (6th Cir. 1994). Moreover, a person's domicile is not lost until a new domicile is acquired. *Von Dunser v. Aronoff*, 915 F.3d 1071, 1072 (6th Cir. 1990) (citations omitted). "Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there." *Id.* (citations omitted). "Mere absence from a fixed home, however long continued," cannot change domicile. *Kaiser*, 391 F.2d at 1009 (citing *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 353, 22 L. Ed. 584 (1874)). Given plaintiff's affirmations that he intends on returning to Louisiana (and not remain in Tennessee), the Court is not convinced at this time that plaintiff has changed his domicile to Tennessee as Magistrate Judge Guyton seems to have determined.

4

Accordingly, and because the R&R provides that "[p]laintiff's allegations appear to constitute a cognizable claim that is, civil assault or battery" as well as that plaintiff claims damages of five million dollars, the Court **SUSTAINS** plaintiff's objection [Doc. 5] and **REJECTS** Magistrate Judge Guyton's recommendation [Doc. 4]. The Clerk is directed to issue summons and the United States Marshal, or plaintiff, shall serve a copy of the complaint, summons, and the order granting plaintiff's application to proceed without prepayment of fees under 28 U.S.C. § 1915 upon all defendants as directed by plaintiff. If the United States Marshal provides the service, all costs of service shall be advanced by the United States. If plaintiff provides his own service, plaintiff will bear his own costs.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE