UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES MACDOWELL BOONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:10-CV-566 |
| ) | (VARLAN/GUYTON) |
| SAM PATEL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on the Motion to Dismiss [Doc. 23] filed by defendant DIN Corporation ("DIN"). Plaintiff filed a response in opposition [Doc. 29], and DIN replied [Doc. 30]. For the reasons explained herein, the Court will grant the motion to dismiss and dismiss defendant DIN as a party to this action.

**I.     Background**

Plaintiff commenced this action on or about December 29, 2010 [Doc. 1]. Plaintiff alleges upon information and belief that defendants Sam Patel and Julie Patel (the "Patels") operate the Royal Inn and Suites and that defendant John Doe is an agent, employee and/or a representative of the Patels who conducts certain activities at the Royal Inn and Suites [Doc. 2]. Plaintiff contends that, on or about December 12, 2010, he was attacked with his own cane and endured "significant" pain and suffering in "an attempt to murder" him at the Royal Inn and Suites [*Id.*].

On January 27, 2011, plaintiff filed a motion to amend his complaint, requesting that he be given leave to add DIN as a defendant in this action [Doc. 6]. On referral, Magistrate Judge H. Bruce Guyton granted that motion on April 6, 2011 [Doc. 14]. Plaintiff then issued a summons to DIN, which was returned executed [Doc. 20]. Plaintiff never filed an amended complaint.

**II.    Analysis**

DIN moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss it as a defendant in this action [Doc. 23]. DIN submits that "no substantive pleading in this cause of action has made an allegation with regard to the liability of DIN Corporation, and[] therefore, [p]laintiff has stated no theory of liability under which DIN Corporation can be held liable to [plaintiff]" [*Id.*]. Thus, it requests the Court dismiss plaintiff's cause of action against it in its entirety [*Id.*].

Plaintiff filed a response in opposition [Doc. 29]. Plaintiff submits that, on the date of the incident underlying this action, he was "coming back from the Royal Inn," which is owned by the Patels, who "hold themselves out and [do] business as the 'DIN Corporation'" [*Id.*]. Plaintiff asserts DIN is liable under the theory of respondeat superior [*Id.*].

In deciding a motion under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable

2

inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). Although Rule 8(a) requires merely "a short and plain statement of the claim," to survive a Rule 12(b)(6) motion, a plaintiff must plead facts sufficient to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Indeed, a plaintiff must plead enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 545 (citations omitted). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

"[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). "Neither [the Sixth Circuit] nor other

courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases).

The Court has reviewed the complaint and plaintiff's response to the motion to dismiss and agrees with DIN that the pleadings do not espouse any theory of liability under which DIN could be liable to plaintiff. Indeed, the complaint, neither explicitly nor implicitly, refers to DIN. Moreover, despite ample time to do so, plaintiff never filed an amended complaint including DIN as a defendant or allegations regarding DIN. Further, although plaintiff's response to the motion to dismiss includes allegations that address DIN, the response is outside the pleadings and the facts stated therein should not be considered when ruling on the Rule 12(b)(6) motion. *See*, *e.g.*, *Israel v. Nw. Airlines*, No. 2:10-CV-2294, 2010 WL 5156657, at *3 n.2 (W.D. Tenn. Dec. 14, 2010) (quoting another source) (refusing to consider additional facts set forth in the plaintiff's response to defendants' motion to dismiss because "[t]he Sixth Circuit follows the general rule that '[m]atters outside the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss'"); Fed. R. Civ. P. 7(a) (limiting pleadings to a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer, if the court orders one).

### III. Conclusion

For the reasons explained herein, the Court will **GRANT** defendant DIN Corporation's Motion to Dismiss [Doc. 23]. Defendant DIN Corporation will be **DISMISSED** as a party to this action.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
