UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JAMES MACDOWELL BOONE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:10-CV-566 |
| | ) | | (VARLAN/GUYTON) |
| SAM PATEL, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on the Report and Recommendation entered by United States Magistrate Judge H. Bruce Guyton on November 9, 2011 (the "R&R") [Doc. 48]. The defendant filed a document in response [Doc. 49], and the time for defendants to file a response has expired. *See* Fed. R. Civ. P. 72(b)(2). Accordingly, this matter is ripe for the Court's consideration.

**I.     Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 519 (6th Cir. 2008) (citing

*Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

**II.   Analysis**

In the R&R, Magistrate Judge Guyton addresses three motions: Defendants' Motion to Dismiss, or in the Alternative, to Make One or More Orders Listed in Rule 37(b)(2)(A)(i)–(vi) and/or Rule (c)(1)(A)–(C) of the Federal Rules of Civil Procedure [Doc. 44], Defendants' Motion to Strike [Doc. 46], and plaintiff's Responsive Memorandum, which moves for a stay [Doc.44].

Pursuant to the motion to dismiss, defendants Sam Patel and Julie Patel move the Court to dismiss this case or impose other sanctions as a result of plaintiff's failure to comply with the Court's memorandum and order of September 28, 2011, which directs plaintiff to provide initial disclosures on or before October 14, 2011. Defendants submit that plaintiff failed to comply with the Court's order.

Pursuant to the motion to strike, defendants state that plaintiff failed to comply with the memorandum and order entered by the Court on October 5, 2011, which directed that plaintiff file a more definite statement of the complaint on or before October 17, 2011. On the basis of this failure, defendants move the Court to strike plaintiff's complaint.

Magistrate Judge Guyton recommends that, pursuant to plaintiff's failure to comply with the two memorandums and orders, defendants' motion to dismiss should be granted, which would render the motion to strike moot. He notes that in making the recommendation

2

he considered plaintiff's responsive memorandum, which requests that "any and all actions be stayed ninety (90) days," due to physical handicaps. Finding that plaintiff failed to state why his handicaps necessitate a stay or how additional time would aid him in complying with his obligations in this litigation and that plaintiff failed to explain why he has not complied with discovery obligations or the orders of the Court, the magistrate judge finds the request to stay without merit. Further, he points out that thirty days elapsed since the request for a stay was received, but there is no evidence that plaintiff complied with his discovery obligations during that time. Magistrate Judge Guyton, however, noted that plaintiff could bring forth evidence of compliance or other actions that may convince the undersigned not to dismiss this action during the fourteen day period afforded to plaintiff by Rule 72 of the Federal Rules of Civil Procedure.

In sum, the magistrate judge finds that plaintiff has neglected his duty to litigate this action and failed to comply with the directions of the Court. Thus, he recommends that, pursuant to Rule 37 of the Federal Rules of Criminal Procedure, the motion to dismiss [Doc. 45] be granted and that this case be dismissed without prejudice. He also recommends that the request for a stay [Doc. 44] be denied and that the motion to strike [Doc. 46] be denied as moot.

In response to the R&R, plaintiff filed "Supplemental Exhibits as requested by Mag [sic] Guyton" [Doc. 49]. This brief document states that plaintiff needs a home care attendant and that plaintiff would receive two spinal injections, one at the end of November

2011 and one in December 2011. He attaches a prescription from a physician indicating the need for a home care attendant as well as a narrative from his orthopedic physician.

The Court has reviewed the submission of plaintiff and finds that it does not serve to convince the undersigned not to dismiss this action. Plaintiff's submission does not contain any evidence of compliance with discovery obligations or the orders of this Court, nor does it explain why plaintiff did not or could not have complied with such obligations in the past. Accordingly, to the extent that such submission is an objection to the R&R, the objection is hereby **OVERRULED**.

### III. Conclusion

For the reasons stated herein and after careful review of the matter, the Court is in agreement with Magistrate Judge Guyton's recommendations, which the Court adopts and incorporates into its ruling. Accordingly, the Court **ACCEPTS IN WHOLE** the R&R [Doc. 48] and hereby **GRANTS** defendants' Motion to Dismiss [Doc. 45]. The Court also hereby **DENIES** the request to stay contained in the Responsive Memorandum [Doc. 44] and **DENIES AS MOOT** defendants' Motion to Strike [Doc. 46]. This case is thus **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to **CLOSE** this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

   s/ Patricia L. McNutt
      CLERK OF COURT